STATE v. ROBERT WILLIAMS, ALIAS ROBERT McNAIR.

(Filed 4 January, 1939.)

1. **Criminal Law § 52c—Peremptory instruction held for error, defendant not having admitted he committed the crime charged.**

Under his plea of "not guilty," defendant interposed the defense that if the crime were committed at all, it was committed by some person other than defendant, and the defense that if committed by defendant he was insane at the time. Defendant introduced evidence of insanity. *Held:* The introduction of evidence of insanity did not admit the truth of the State's evidence on the question of identity, and a peremptory instruction to the effect that the jury should find defendant guilty unless they accepted his plea of insanity is error.

**2. Criminal Law § 17—Plea of "not guilty" held to put in issue question of identity as well as that of insanity.**

Defendant pleaded "not guilty" and contended that if the crime were committed at all, it was committed by some person other than defendant, and that if committed by defendant he was insane at the time. *Held:* The plea put in issue the question of identity as well as that of sanity, and the introduction of evidence of insanity by defendant is not an admission of the truth of the State's evidence.

**3. Criminal Law § 52c—**

The trial court may not direct a verdict for the prosecution in a criminal action when there is no admission or presumption calling for explanation or reply on the part of the defendant.

APPEAL by defendant from *Sinclair, J.,* at August Term, 1938, of CUMBERLAND.

Criminal prosecution tried upon indictment charging the defendant with rape.

The defense interposed under a plea of "not guilty" was, first, that if the crime were committed at all, it was committed by some one other than the defendant, and, second, if committed by the defendant, he was insane at the time.

Verdict: "Guilty of rape in the manner and form as charged in the bill of indictment."

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*John H. Cook and Harry Binder Stein for the defendant.*

STACY, C. J. The following excerpt taken from the charge forms the basis of one of the defendant's exceptive assignments of error:

"As I told you, gentlemen of the jury, it is your duty to convict this man either of rape or of assault with intent to commit rape, as you find the facts to be from the evidence and under the charge of the court, unless you find from the evidence that he did not have sufficient mental capacity to know the difference between right and wrong at the time of the alleged assault. If you find at that time he did not know the difference between right and wrong, you would return a verdict of 'not guilty.'"

The jury had been recalled for further instructions and this was the court's final charge. It is peremptory in character. It seems that the exception is well taken. *S. v. Lawson,* 209 N. C., 59, 182 S. E., 692; *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846.

---

It is true, the defendant offered evidence of his insanity, but he did not admit the truth of the State's evidence. His plea of "not guilty" put at issue the question of identity as well as that of the commission of the crime.

It is held for law with us that the trial court may not direct a verdict for the prosecution in a criminal action, where there is no admission or presumption calling for explanation or reply on the part of the defendant. *S. v. Ellis,* 210 N. C., 166, 185 S. E., 663; *S. v. Hill,* 141 N. C., 769, 53 S. E., 311; *S. v. Riley,* 113 N. C., 648, 18 S. E., 168.

For error in the charge, as indicated, a new trial must be awarded. It is so ordered.

New trial.