STATE OF NORTH CAROLINA v. JAMES ELWOOD JOHNSON

No. 7714SC929

(Filed 4 April 1978)

1. **Criminal Law § 29.1— plea of insanity—time for raising—method of raising affirmative defense**

   The trial court did not err in denying defendant's motion, made when the case was called for trial, to plead temporary insanity, since defendant failed to comply with G.S. 15A-959 which requires that, if a defendant intends to raise the defense of insanity but does not plan to put on expert evidence, he must

file notice of such intention within the time provided for the filing of pretrial motions under G.S. 15A-952; moreover, the court's denial of defendant's motion did not deprive him of his right to present his affirmative defense to the jury, since, under the general plea of not guilty, such as defendant made in this case, a defendant may prove affirmative defenses such as insanity.

2. **Criminal Law § 75.11— incriminating statement—waiver of right to remain silent inferred**

The trial court did not err in admitting into evidence an incriminating statement made by defendant to a public safety officer who arrested him without first making specific findings as to its voluntariness, since there was no conflicting evidence with respect to the statement and since the court, under the circumstances surrounding the interrogation of defendant, could infer a knowing and intelligent waiver by defendant of his right to remain silent.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 12 July 1977, in Superior Court, DURHAM County. Heard in the Court of Appeals 7 March 1978.

Defendant was charged upon proper bills of indictment with secret assault on, and assault with intent to kill, his wife Glenna Moore Johnson and with secret assault on, and assault with intent to kill his sister-in-law Eunice Bertha Moore. He waived formal arraignment and pleaded not guilty. At trial, the State's evidence tended to show that defendant and his wife had separated in February 1977, and that defendant had harassed his wife on various occasions during the separation. On the night of 20 April 1977, as defendant's wife and sister-in-law were leaving a church revival, they were stopped by defendant. According to Mrs. Johnson, defendant asked her to get into his car and, upon her refusal, stated that if she didn't get in his car, he would shoot both of the women. Defendant did shoot both women, attempted but failed to shoot himself, and then fainted. A Public Safety Officer for the City of Durham was also at the revival and, upon learning of the incident, ran to defendant and apprehended him. Various other witnesses for the State, including Mrs. Moore, substantially verified Mrs. Johnson's testimony concerning the shooting.

Defendant elected to put on no evidence. He moved for judgment as of nonsuit as to both counts in the two indictments and was granted the motion for nonsuit as to secret assault. The jury found him guilty on the two counts of assault with a deadly weapon with intent to kill and he was sentenced to prison for not less than fifteen nor more than twenty years.

Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Donald W. Grimes, for the State.*

*Blackwell M. Brogden and Blackwell M. Brogden, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] On 11 July 1977, when this case was called for trial, defendant through counsel filed a Notice of Defense of Temporary Insanity. The trial court denied defendant's motion, and defendant thereupon entered a plea of not guilty. Now it is argued that the trial court erred in denying the defendant his right to plead not guilty by reason of temporary insanity. We cannot agree.

G.S. 15A-959 states that, if, as here, a defendant intends to raise the defense of insanity but does not plan to put on expert evidence, he must file notice of such intention within the time provided for the filing of pretrial motions under G.S. 15A-952. Although no reference is made to a specific section of G.S. 15A-952, it seems clear that G.S. 15A-952(c) covers the time within which pretrial motions must be made. That section states that, unless otherwise provided, pretrial motions must be made at or before the time of arraignment if arraignment is held prior to the session of court for which the trial is calendared. If arraignment is to be held at the session for which the trial is calendared, pretrial motions must be filed no later than five o'clock p.m. on the Wednesday prior to the session when trial begins.

In the instant case, having waived formal arraignment, the defendant was bound to give notice no later than five o'clock p.m. on the Wednesday prior to the session. This he did not do. In order to obtain court permission for notice filed later than the G.S. 15A-952(c) deadline, the defendant must show cause. G.S. 15A-959(a). Defendant, in this case, also failed to show cause for the late notice of defense of temporary insanity.

Defendant argues that the court's denial of his motion deprived him of his right to present his affirmative defense to the jury. This argument is without merit. Our case law has clearly established that under the general plea of not guilty, such as defendant made in this case, a defendant may prove affirmative

defenses such as insanity. *See, e.g. State v. Williams,* 214 N.C. 682, 200 S.E. 399 (1939). This general rule was applied to a situation similar to the one before us in *State v. Mathis,* 293 N.C. 660, 239 S.E. 2d 245 (1977). In that case, the Supreme Court held that, where defendant's notice of the proposed insanity plea was rejected, the defendant nonetheless could, under the general "not guilty" plea, put on evidence of his insanity. We are aware of the inconsistencies of requiring notice on the one hand and allowing evidence even in the absence of notice on the other hand. Under current law, however, this is the result we are compelled to reach.

[2] A second argument made by defendant is that the trial court erred in admitting into evidence an incriminating statement made by defendant to Public Safety Officer J. L. Hughes. The record shows that Hughes took defendant into custody, handcuffed him, and read him the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966). When asked whether he understood his rights, defendant answered "uh huh." Thereafter, according to the testimony of Officer Hughes:

> "Mr. Johnson stated that the handcuffs were hurting his wrists and asked me would I take them off. I told him I would check them when we got downtown to headquarters and loosen them if they were hurting, and I said 'I imagine those two ladies are hurting right now. Do you realize, sir, that you could have killed those two ladies?'
>
> \*   \*   \*   \*
>
> "At this point Mr. Johnson said, 'God damn it, that is what I meant to do.' "

It is defendant's contention that the admission of this testimony was error since there was no competent evidence to support a ruling that the statement of the defendant had been made voluntarily and without coercion, or that the statement had been made after a voluntary and informed waiver of defendant's right to remain silent. Defendant cites *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123 (1971), which held that an intelligent waiver of the right to counsel could not be inferred when defendant was given the *Miranda* warnings, stated that he knew and understood his rights, and failed to request counsel. The requirements of the *Blackmon* case, however, have been relaxed by *State v. Swift,* 290

N.C. 383, 226 S.E. 2d 652 (1976). See *State v. Rives*, 31 N.C. App. 682, 230 S.E. 2d 583 (1976). The *Swift* decision allows the court to infer a knowing and voluntary waiver of the right to remain silent, as well as other rights secured by the Fifth Amendment, from the circumstances surrounding the explanation of rights and interrogation of the defendant.

The record discloses that immediately following a question concerning Officer Hughes's conversation with defendant, the court held a *voir dire* hearing in which not only defense counsel but also the court questioned Hughes concerning defendant's statement. We find no error in the trial court's failure to make findings, since, under *State v. Biggs*, 289 N.C. 522, 223 S.E. 2d 371 (1976), our Supreme Court held that in the absence of conflicting evidence such findings are not strictly required.

Furthermore, we find that the trial court did not err in admitting defendant's statement since, under the circumstances surrounding the interrogation of defendant, the court clearly could infer a knowing and intelligent waiver. The court questioned Officer Hughes at length about defendant's mental capacity at the time. Witness Hughes stated that defendant talked "like he knew what he was doing." Moreover, there was no evidence whatsoever of any action by the public safety officer which coerced defendant into making the incriminating statement.

Another argument which deserves consideration is defendant's assertion that the court erred in admitting into evidence a box of bullets discovered in defendant's automobile by one of the investigating officers. According to the testimony of Officer Early, he saw the box of cartridges on the floor of defendant's vehicle after he stuck his head through an open window. Assuming, contrary to our view, that the search, as defendant argues, was in violation of the rights of defendant under the Fourth Amendment of the United States Constitution, we find that the trial court's error in allowing this illegally seized material into evidence was harmless beyond a reasonable doubt. *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975 (1970).

We have reviewed defendant's other assignments of error and find

No error.

Judges MORRIS and MARTIN concur.