State v. Byrd

STATE OF NORTH CAROLINA v. LAWRENCE RAYE BYRD

No. 7810SC807

(Filed 6 February 1979)

1. **Criminal Law § 76.10— voluntariness of inculpatory statements—findings of court supported by evidence**

   Evidence was sufficient to support the trial court's findings and conclusion that defendant voluntarily and understandingly made inculpatory statements to police officers during custodial interrogation.

2. **Criminal Law § 131.1— new trial for newly discovered evidence—discretion of trial court**

   Defendant failed to show an abuse of discretion in the trial court's denial of his motion for a new trial on the ground of newly discovered evidence consisting of a psychological evaluation of defendant.

APPEAL by defendant from *Brewer, Judge.* Order entered 7 April 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 9 January 1979.

Defendant was tried on charges of incest. As part of its case in chief, the State offered testimony of police officers concerning inculpatory statements made by defendant during custodial interrogation. After a voir dire hearing, the court ruled this evidence inadmissible, finding that although defendant had been fully advised of his *Miranda* rights, he was "not then of such mental capacity to fully understand" that he had the right to request assistance of an attorney. Defendant testified and denied guilt. He was cross-examined about the statements he had made to the officers, but denied making any statement implying guilt. In rebuttal, the State presented evidence of his statements for purposes of impeachment. He was convicted and appealed.

On appeal, this Court, citing *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (1971) and *State v. Bryant,* 280 N.C. 551, 187 S.E. 2d 111, *cert. den.,* 409 U.S. 995, 34 L.Ed. 2d 259, 93 S.Ct. 328 (1972), held that the evidence concerning defendant's statements was admissible for the purpose of impeaching his credibility provided the statements were found to have been voluntarily made. There having been no such finding, the cause was remanded to the Superior Court with instructions to conduct a hearing to determine whether the statements were voluntarily

and understandingly made. This Court further instructed that "[i]f the presiding judge determines by the preponderance of the evidence that the statement of the defendant was made voluntarily and understandingly, he will make findings of fact and conclusions, and order commitment to issue in accordance with the judgment appealed from and entered on 28 March 1977." *State v. Byrd*, 35 N.C. App. 42, 47, 240 S.E. 2d 494, 497 (1978).

On remand the Superior Court granted defendant's motion that he be given an intelligence quotient test and such other tests as might provide evidence of his mental capacity at the time he was interrogated. The testing and examination of defendant was made on 28 February 1978 by Dr. Bruce A. Norton, an expert in Clinical Psychology.

The hearing on remand was held on 7 April 1978. The trial court determined that defendant's statement was knowingly and understandingly made and ordered that commitment should issue. The defendant moved for a new trial for newly discovered evidence, in this connection referring to the testimony of Dr. Norton concerning his evaluation of defendant's mental capacity. Defendant also moved that he be allowed to plead not guilty by reason of insanity. These motions were denied. From these rulings, the defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Donald W. Grimes for the State.*

*Barringer and Howard by Thomas L. Barringer for the defendant.*

PARKER, Judge.

[1]   After hearing testimony of the two interrogating officers, of the defendant, and of the Clinical Psychologist who tested and examined the defendant, the court entered its order in which it made detailed and extensive findings of fact, including the following:

18. The defendant's statement resulted from his voluntary choice to make a statement in response to the questions of the officers, understanding that at the time he made the statement the nature and import of what he was doing by making a statement.

Based on its findings of fact, the court concluded that defendant's statement to the officers was knowingly and understandingly made. There was competent evidence to support the court's factual findings and these in turn support its conclusion.

Although defendant's testimony conflicted with that of the officers as to what occurred at the time defendant's inculpatory statements were made, it was the function of the trial judge, who heard the testimony, to resolve these conflicts. "A trial judge's finding that an accused freely and voluntarily made an inculpatory statement will not be disturbed on appeal when the finding is supported by competent evidence even when there is conflicting evidence." *State v. Harris,* 290 N.C. 681, 693, 228 S.E. 2d 437, 444 (1976). We note that the evidence in the present case was very different from that which was presented in *State v. Spence,* 36 N.C. App. 627, 244 S.E. 2d 442 (1978). Defendant's assignments of error directed to the court's findings and conclusions that defendant's statements were voluntarily and understandingly made are overruled.

[2] Defendant assigns error to the denial of his motion for a new trial on the ground of newly discovered evidence. "[A] motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge and the refusal to grant the motion is not reviewable in the absence of abuse of discretion." *State v. Sauls,* 291 N.C. 253, 262-3, 230 S.E. 2d 390, 396 (1976), *cert. den.,* 431 U.S. 916, 53 L.Ed. 2d 226, 97 S.Ct. 2178 (1977); *accord, State v. Morrow,* 264 N.C. 77, 140 S.E. 2d 767 (1965); 4 Strong's N.C. Index 3rd, Criminal Law, § 131.1, p. 677-8. No abuse of discretion has been shown in the present case. This assignment of error is overruled.

In overruling this assignment of error, we do not reach or express an opinion on the questions (1) whether evidence of the psychological evaluation of the defendant obtained after verdict was such newly discovered evidence as would warrant granting a new trial, (2) whether defendant could make the requisite showing of due diligence in discovering the evidence, or (3) whether defendant waived any right he might once have had to rely on the defense of insanity by failing to avail himself of the procedures provided by G.S. 15A-959 and by not raising the question at all until after the return of the verdict.

The order appealed from directing that commitment issue on the judgment imposed on 28 March 1977 is

Affirmed.

Judges ARNOLD and WEBB concur.