STATE OF NORTH CAROLINA v. CURTIS McDONALD HUGHES

No. 8121SC314

(Filed 6 October 1981)

1. **Constitutional Law § 52— fourteen-month delay between arrest and trial—no denial of speedy trial**

     Defendant was not denied his constitutional right to a speedy trial by a fourteen-month delay between his arrest and trial for armed robbery, although defendant timely asserted his right to a speedy trial, where the cause of the delay was a backlog of cases and a policy of giving priority to current jail cases, defendant was serving a prison sentence upon conviction on another charge, and defendant failed to show that the delay hampered his ability to present his defense because of chilled memories or unavailability of his witnesses.

2. **Criminal Law § 99.4— court sustaining own objection—no expression of opinion**

     The trial court did not express an opinion on the evidence in sustaining its own objection to two questions asked by defense counsel on cross-examination and to one question asked by defense counsel during direct examination where two of the court's sustained objections were directed to argumentative questions and one to a question calling for repetitious testimony.

3. **Criminal Law § 99.4— court's statement about repetition—no expression of opinion**

     The trial court, in ruling on the State's objection to testimony on the ground of repetition, did not express an opinion in stating, "Yes, I think she has been over that . . . and most of this other testimony, my recollection is," where the record shows that the witness's testimony was indeed repetitive of her earlier testimony.

4. **Criminal Law § 99.3— remark by court—no comment on defendant's failure to testify**

     The trial court did not improperly comment on defendant's failure to testify when defense counsel stated he was going to introduce defendant into evidence and the court replied, "He'll have to take the witness stand," since the court's remark merely explained evidentiary procedure.

5. **Constitutional Law § 46— refusal to replace appointed counsel**

     Defendant was not denied a fair trial by the trial court's refusal to replace his court-appointed counsel because defendant disagreed with his counsel on whether a particular witness should be subpoenaed.

6. **Constitutional Law § 45— denial of replacement counsel—no instruction on right to appear pro se**

     The trial court was not required to advise defendant of his right to proceed without counsel upon denial of his motion to replace his court-appointed attorney.

**7. Constitutional Law § 48— effective assistance of counsel**

Defendant was not denied the effective assistance of counsel because his court-appointed attorney recalled three of the State's chief witnesses.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 11 March 1976 in Superior Court, FORSYTH County. Writ of Certiorari issued by the North Carolina Court of Appeals on 3 February 1981. Heard in the Court of Appeals 22 September 1981.

Defendant was arrested on 2 January 1975 for armed robbery in violation of G.S. 14-87. On 4 March 1976, the court denied defendant's motion to dismiss, and on 11 March 1976, defendant was convicted of the charge.

An armed robbery occurred at a Stop-N-Go food store in Forsyth County the night of 27 December 1974. On 2 January 1975, defendant was arrested, charged with the robbery, and placed in custody with bond. An indictment was returned against defendant on 3 March 1975.

On 11 June 1975, defendant was convicted of an unrelated offense and sentenced to Central Prison. From there he filed a motion on 8 July 1975 requesting a speedy trial upon the armed robbery charge or a dismissal for failure to prosecute. There was no ruling on defendant's motion. On 19 February 1976, defendant filed a second motion to dismiss. After a hearing on the motion held 2 March 1976, the court denied defendant's motion. On 11 March 1976, a jury convicted defendant of the charge of armed robbery.

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*David B. Hough, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first assigns as error the State's failure to grant him a speedy trial. We begin by noting that North Carolina's Speedy Trial Act does not apply since the offense occurred before the statute's effective date. G.S. 15A-701 to -704. Defendant's claim, therefore, rests on his right to a speedy trial, guaranteed by the Sixth Amendment, made applicable to the states through the Fourteenth Amendment. *Klopfer v. North Carolina,* 386 U.S.

213, 87 S.Ct. 988, 18 L.Ed. 2d 1 (1967). The right to a speedy trial is more vague than other procedural rights because "speedy" is not defined by any particular time period. The concept is necessarily relative. To determine whether a speedy trial has been afforded, courts must consider each case in light of four factors: (1) the length of the delay, (2) the causes of the delay, (3) defendant's assertion of his right and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972).

The first factor is primarily a triggering mechanism. The delay of trial must at least raise a question of reasonableness. In the present case, the fourteen months which passed between defendant's arrest and his trial on the armed robbery charge is a sufficient delay to merit our consideration of the other factors.

Because there is some delay inherent in every criminal prosecution, the burden is on the accused to show that the delay of his trial was due to the neglect or wilfulness of the prosecutor. *State v. Brady*, 299 N.C. 547, 264 S.E. 2d 66 (1980); *State v. Branch*, 41 N.C. App. 80, 254 S.E. 2d 255 (1979). There is no evidence in the present case of deliberate delay by the State. At the hearing on defendant's motion to dismiss, the district attorney testified that the cause of delay was a backlog of cases. When he took office on 1 January 1975, there were 714 cases pending. Because of the backlog, his office adopted a policy of priority to current jail cases — people who are not incarcerated on prior charges but are simply awaiting trial. Under this policy, defendant lost his priority as a jail case once he was convicted of the unrelated offense and incarcerated in Central Prison.

Our courts have consistently recognized congestion of criminal court dockets as a valid justification for delay. *State v. Smith*, 289 N.C. 143, 221 S.E. 2d 247 (1976); *State v. Brown*, 282 N.C. 117, 191 S.E. 2d 659 (1972). Expediting jail cases so that those people can be released if acquitted or sent into the criminal system if convicted is one reasonable way of handling a backlog. The district attorney in the instant case testified that in Forsyth County there were always at least fifteen people in jail each week. Admittedly, fifteen jail cases is not such a large number that defendant's trial should indefinitely be on hold. *Compare with State v. Brown, supra.* The evidence, however, does not warrant a finding of neglect.

The third factor to consider is defendant's assertion of his right to a speedy trial. A defendant who seeks or acquiesces to continuances cannot later complain of unreasonable delay. The defendant in this cause, however, moved for a speedy trial or for dismissal on 8 July 1975. He moved a second time for dismissal on 19 February 1976. Defendant, therefore, has not waived his right to a speedy trial.

Courts will not presume that a delay in prosecution has prejudiced the accused. The defendant has the burden of proving the fourth factor. The present defendant claims he was prejudiced because the fourteen-month delay in trial caused him anxiety and concern and resulted in the chilled memories of his witnesses.

Most important in our consideration is whether the prosecutor's delay hampered defendant's ability to present his defense to the armed robbery charge. *Barker v. Wingo, supra.* Two of defendant's alibi witnesses testified at the 2 March 1976 hearing that they could no longer recall specific dates. Lapses of memory can be prejudicial to a defendant, but here at least one of the two witnesses was able to narrow down the date in question to the Friday after Christmas. A check of that year's calendar could quickly provide the precise numerical date.

Defendant also testified that because of the delay he could no longer locate his other three alibi witnesses. Presumably these witnesses would have offered testimony to corroborate defendant's evidence that he was at a party on the night in question. Defendant, however, has made no showing as to when the witnesses became unavailable. Their disappearance was first discovered in the latter part of February 1976 when defendant's wife tried to contact them for purposes of the motion hearing. Because defendant has not demonstrated that his witnesses were available at any earlier time, we cannot conclude that the prosecutor's delay caused him prejudice. *State v. Williams,* 40 N.C. App. 178, 252 S.E. 2d 245 (1979).

Defendant is not removed from the constitutional guarantee of a speedy trial because he was incarcerated for an unrelated offense at the time he made his motion to dismiss. *State v. Vaughn,* 296 N.C. 167, 250 S.E. 2d 210 (1978), *cert. denied,* 441 U.S. 935, 99 S.Ct. 2060, 60 L.Ed. 2d 665 (1979). Upon balancing the

four factors, however, we conclude that defendant has failed to show evidence requiring dismissal of the charges.

**[2]** Defendant next assigns as error improper expressions of opinion during the course of his trial on armed robbery. Twice the court sustained its own objection to questions defense attorney asked during a cross-examination and once to a question defense attorney asked during direct examination. Defendant argues that by sustaining its own objection, the court improperly expressed an opinion adverse to the defendant.

A judge may always properly exclude inadmissible evidence. 1 Stansbury, N.C. Evidence § 27 (Brandis rev. 1973). He is prohibited, however, by G.S. 15A-1222 and -1232 from doing so in a manner which intimates any judicial favoritism. In the instant case, two of the court's sustained objections were directed to argumentative questions and one to a question calling for repetitious testimony. The judge made no additional remarks. The situation can be distinguished from that in *State v. Lemmond*, 12 N.C. App. 128, 182 S.E. 2d 636 (1971). There the court sustained its own objection sixteen times and made the further comment to defense attorney, "You know better than that." We conclude that in the present case, the trial judge exercised his discretion without exceeding the bounds of impartiality.

**[3]** Another remark of which defendant complains occurred during the testimony of defendant's first witness. Defense attorney asked, "Now, when was it that you first had knowledge that these two men were in the courtroom?" The State objected on grounds of repetition. The court ruled, "Yes, I think she has been over that . . . and most of this other testimony, my recollection is." Defendant contends this remark improperly expressed dissatisfaction with the manner in which defendant was presenting his evidence. An examination of the record, however, reveals that the witness's testimony was indeed repetitive of her earlier testimony. Since the court must be left free to keep the examination of witnesses under control and within the bounds of lawful, relevant, and nonrepetitive inquiry, we hold the judge's comment was not error. *State v. Frazier*, 278 N.C. 458, 464, 180 S.E. 2d 128, 132 (1971).

**[4]** Defendant argues that a third remark by the court constituted an improper comment on defendant's failure to testify. The following exchange took place:

"Defense attorney: 'But the man you saw last night had a crooked nose?'

The court: 'Sustained.'

Defense attorney: 'I'm going to introduce him into evidence, then.'

The court: 'He'll have to take the witness stand.' "

G.S. 8-54 unquestionably prohibits any comment before the jury concerning defendant's failure to testify. The court's comment here, however, does not specifically point to defendant's failure to testify. Neither is it likely that the jury would so interpret it. *State v. Taylor*, 289 N.C. 223, 221 S.E. 2d 359 (1976). Rather the judge's remark explains evidentiary procedure. Any possible harmful effect was removed by the court's explicit instruction to the jury that defendant's election not to testify was an exercise of his legal right and should not be considered against him. *See State v. Lindsay*, 278 N.C. 293, 179 S.E. 2d 364 (1971).

**[5]** Defendant's final assignment of error is that he was denied a fair trial because he was forced to continue with his court-appointed attorney and because he failed to receive effective assistance of counsel. A criminal defendant is guaranteed the right to assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). The right to appointed counsel, however, does not include the right to a substitute counsel on demand. The defendant must show good cause for dismissal such as a conflict of interest or a complete breakdown in communications. *United States v. Young*, 482 F. 2d 993 (5th Cir. 1973).

There is no such evidence in the present case. Defendant expressed dissatisfaction to the court because he disagreed with his court-appointed attorney on whether a particular witness should be subpoenaed. Defendant is not entitled to a substitute counsel merely because he disagrees with the trial tactics his attorney has chosen. *State v. Robinson*, 290 N.C. 56, 224 S.E. 2d 174 (1976). His attorney had the responsibility for selecting defense witnesses, and in his discretion, he decided that the particular

witness in queston would not be an effective alibi witness. Defendant was not entitled to a replacement of counsel.

[6] Defendant, nevertheless, contends that before his present attorney was allowed to continue, the court should have advised defendant of his right to conduct his own defense. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed. 2d 562 (1975). *Faretta* does not address the present situation where the defendant failed to request self-representation. There are North Carolina cases on point, however. *See State v. Cole,* 293 N.C. 328, 237 S.E. 2d 814 (1977); *State v. Sweezy,* 291 N.C. 366, 230 S.E. 2d 524 (1976). In *State v. Cole,* the defendant never indicated a desire to represent himself yet he argued that the trial court should have advised him of his right to proceed without counsel upon denial of his motion to replace his attorney. The Supreme Court disagreed. We, therefore, find no merit in this assignment of error. We do emphasize, however, that it is advisable for a court to inquire of a defendant whether he desires to represent himself any time the defendant expresses to the court dissatisfaction with his appointed attorney.

[7] Defendant's right to representation is not an empty formality. Every criminal defendant has the right to *effective* assistance of counsel. *Moorefield v. Garrison,* 464 F. Supp. 892 (W.D.N.C. 1979). The general rule is that there is no constitutional violation "unless an attorney's representation is so lacking that the trial has become a farce and a mockery of justice." *State v. Sneed,* 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974). Defendant specifically questions his attorney's recalling three of the State's chief witnesses. We cannot consider retrospectively whether defense attorney's selection of witnesses was a wise one. There is evidence in the record which suggests that defense attorney's examination of state witnesses highlighted some inconsistencies in their testimony. We conclude that defendant has failed to show such divided loyalties or slack representation as amounts to a mockery of justice.

The defendant has had a fair trial, and we find no error.

No error.

Judges ARNOLD and WEBB concur.