STATE OF NORTH CAROLINA v. HARRISON NELSON, JR.

No. 847SC949

(Filed 20 August 1985)

1. **Constitutional Law § 46— appointed counsel discharged over defendant's objection—error**

   The trial court erred in a prosecution for second degree murder by discharging defendant's court-appointed counsel where defendant's family had hired private counsel to assist appointed counsel, appointed counsel was not in court on the day the trial was scheduled to begin because his daughter was seriously ill in the hospital, private counsel moved to withdraw because defendant did not want him for a lawyer and refused to cooperate with him, and defendant stated in support of the motion that he could not communicate with private counsel and wanted to be represented by appointed counsel. When an indigent defendant has confidence in and is satisfied with the appointed lawyer who has handled his case to the eve of trial, he should not be deprived of that counsel's services during the trial except for justifiable cause.

2. **Criminal Law § 5— insanity—failure to file notice—evidence admissible**

   The trial court erred in a second degree murder prosecution by refusing to allow defendant to introduce evidence of insanity even though he failed to file a timely notice of intent to rely on the defense of insanity in accord with G.S. 15A-959. An accused may prove any affirmative defense, including insanity, under the general plea of not guilty.

3. **Criminal Law § 138— aggravating factor—especially cruel—improper**

   The trial court in a second degree murder prosecution improperly found as a factor in aggravation that the offense was especially cruel where the evidence was that the unsuspecting victim was shot one time in the back.

   Judge ARNOLD concurs in the result.

   Judge COZORT concurs in part and dissents in part.

ON writ of certiorari to review proceedings before *Winberry, Judge.* Judgment entered 27 October 1982 in Superior Court, WILSON County. Heard in the Court of Appeals 2 April 1985.

*Attorney General Edmisten, by Associate Attorney General Doris J. Holton, for the State.*

*Farris and Farris, by Robert A. Farris and Nora Henry Hargrove, for defendant appellant.*

PHILLIPS, Judge.

[1]   This appeal from defendant's conviction of second degree murder presents a facet of the court appointed counsel problem that we have not seen before. On 12 February 1982, immediately after his arrest and several months before trial, defendant was found to be indigent and Attorney Milton Fitch, Jr. was appointed to represent him. Shortly thereafter, exactly when the record does not show though the indication is that it was also several months before trial, defendant's mother, wife and sister hired Attorney Robert A. Farris to assist appointed counsel. On 25 October 1982, the day the trial was scheduled to begin, Mr. Fitch was not in court because his daughter was seriously ill in the hospital. Upon learning of these developments the court refused to continue the case, and *ex mero motu* entered an order permitting Fitch, who was unaware of the order until the next day, to withdraw from the case. At the same time the court denied Mr. Farris' motion to withdraw as counsel, though the grounds therefor were that defendant did not want him for a lawyer and refused to cooperate with him, and defendant stated in support of the motion that he and Farris could not communicate with each other, and he wanted to be represented by Fitch. Later Fitch filed an affidavit, which is uncontradicted, verifying the medical emergency referred to, and stating that he worked on defendant's case off and on from the time he was appointed until the Friday before the trial was scheduled to begin on Monday. Defendant contends that discharging his court appointed lawyer was unjustified and deprived him of his rights to effective assistance of counsel and due process. We agree.

Once counsel has been appointed to represent an indigent defendant, the appointment of substitute counsel at the request of either the defendant or the original counsel is constitutionally required only when it appears that representation by original counsel could deprive defendant of his right to effective assistance of counsel. *United States v. Young*, 482 F. 2d 993 (5th

Cir. 1973); *State v. Thacker*, 301 N.C. 348, 271 S.E. 2d 252 (1980). Substitute counsel is required and must be appointed when defendant shows good cause, such as a conflict of interest or a complete breakdown in communications. *United States v. Young, supra; United States v. Grow*, 394 F. 2d 182 (4th Cir.), *cert. denied*, 393 U.S. 840, 21 L.Ed. 2d 111, 89 S.Ct. 118 (1968); *State v. Hughes*, 54 N.C. App. 117, 282 S.E. 2d 504 (1981). While counsel in this case was removed upon the court's own motion it was not for any of the reasons that have been judicially approved heretofore. The court stated that counsel was being removed because defendant's family had retained private counsel to represent him and representation by appointed counsel, at public expense, was no longer necessary. But, according to the record: Retained counsel was employed "*to assist*" appointed counsel, rather than to handle the case; defendant's relatives selected and employed counsel without either seeking or obtaining defendant's approval; defendant had utilized the services of retained counsel but little, if at all, because they did not talk the same language and he could not understand him; and he was relying on appointed counsel to handle the case to a conclusion. That Mr. Farris may be a very splendid lawyer, as the court told defendant was the case, and, so far as the record indicates, represented defendant during the trial to the best of his considerable ability, does not alter the fact that the trial court had no justifiable grounds for depriving defendant of appointed counsel's services.

Whether a defendant in a criminal case receives effective assistance of counsel does not depend entirely upon counsel's ability. The ablest lawyer at the bar cannot effectively and satisfactorily represent a defendant who does not want his assistance and cannot understand or communicate with him. The quirks of human nature are such that some people simply cannot communicate well with some others, and for no good reason will confide in and trust one lawyer, but not others of like or superior ability. This does not mean, of course, that an indigent defendant has the right to have the court appoint for him the counsel of his choice. *State v. Robinson*, 290 N.C. 56, 224 S.E. 2d 174 (1976). But it does mean, we think, that when an indigent defendant has confidence in and is satisfied with the appointed lawyer that has handled his case to the eve of trial, that he should not be deprived of that counsel's services during the trial except for

justifiable cause, and none existed in this instance. There was no finding that defendant's status as an indigent had changed and no evidence is recorded that would support such a finding. Nor was there any finding as to the extent, if any, that retained, assistant counsel had participated in preparing the case for trial or that appointed counsel's continued services would not be beneficial to defendant. Since appointed counsel had handled and worked on the case for months, according to the record, in the absence of evidence to the contrary it must be assumed that his services during the trial would have benefited defendant to some extent, otherwise the constitutional right to counsel would be pointless. Even if the benefit had been only to allay defendant's anxieties about receiving a fair trial, that is no small and inconsequential thing beyond the concern of our law; for the purpose of our criminal jurisprudence is not only to deal fairly with those tried for crime, but to also make it appear that defendants' rights have been fairly and fully enforced. The latter purpose was frustrated, it seems to us, by the court's unjustified termination of an attorney-client relationship that had existed for many months and was entirely satisfactory to the client, and which deprived defendant of the services of a lawyer that had handled his case from the outset. Defendant is therefore entitled to a new trial and it is so ordered. A contrary holding, it seems to us, would permit relatives of indigent defendants to arbitrarily select their lawyers and deprive them of counsel appointed by the court; a course we cannot sanction since it could obviously lead to many abuses and is not compatible with the right that all defendants have to the effective assistance of counsel under the Constitution.

[2]  The court also committed prejudicial error in refusing to allow defendant to introduce evidence of his insanity, even though a timely notice of "intent to rely on the defense of insanity" had not been filed in accord with G.S. 15A-959. Notwithstanding the statutory mandate, our Supreme Court has ruled that an accused may prove any affirmative defense, including insanity, under the general plea of not guilty. *State v. Mathis*, 293 N.C. 660, 239 S.E. 2d 245 (1977); *State v. Johnson*, 35 N.C. App. 729, 242 S.E. 2d 517, *rev. denied, appeal dismissed*, 295 N.C. 263, 245 S.E. 2d 779 (1978).

[3]  In sentencing the defendant under the Fair Sentencing Act the trial court also erred in finding as a factor in aggravation that the offense was especially cruel. In determining whether an of-

State v. Nelson

fense was especially heinous, atrocious or cruel "the focus [is] . . . on whether the facts of the case disclose *excessive* brutality, or physical pain, psychological suffering, or dehumanizing aspects *not normally present in that offense.*" *State v. Blackwelder*, 309 N.C. 410, 414, 306 S.E. 2d 783, 786 (1983). (Emphasis theirs.) The evidence in this case, *that the unsuspecting victim was shot one time in the back*, is insufficient to support a finding that the offense was especially cruel. So far as the record shows this shooting was no crueler than any other fatal shooting; indeed, since the victim did not know he was going to be shot it might have been less cruel than the usual face-to-face shooting.

New trial.

Judge ARNOLD concurs in the result.

Judge COZORT dissents in part and concurs in part.

Judge COZORT concurs in part and dissents in part.

I concur in holding that the trial court erred in finding as a factor in aggravation that the offense was especially cruel. However, I believe the case should be remanded for resentencing only because I find no error in either the trial court's order substituting family-retained counsel for appointed counsel or its refusal to allow the defendant to introduce evidence of his insanity.

On the facts of this case, the trial court's decision to enter an order substituting family-retained counsel for appointed counsel, who could not be present when the trial began, did not deny defendant the effective assistance of counsel. There is no allegation that Mr. Farris' representation of defendant was in any way insufficient or that he did not have adequate time to prepare for trial. Defendant's only apparent objection to Mr. Farris was that he did not like him because, in defendant's words at trial, "he ain't communicated with me in a form of my ability and my class. . . . I am in another religion. . . . I can't understand him." Defendant further stated that he wanted "the best. I get eleven hundred dollars a month. I got six or seven thousand dollars in the bank. I can hire me a lawyer from Raleigh." Given the circumstances present here, I believe the trial court properly exer-

cised its discretion in accordance with the rules established by *State v. Williams*, 34 N.C. App. 408, 238 S.E. 2d 668, *appeal dismissed*, 293 N.C. 743, 251 S.E. 2d 515 (1977), *cert. denied*, 436 U.S. 906, 56 L.Ed. 2d 404, 98 S.Ct. 2237 (1978), and did not err in substituting family-retained counsel for court-appointed counsel who could not be present for trial.

I also believe the trial court did not err in sustaining the State's objections to questions regarding the defendant's mental condition at the time of the offense. It is uncontroverted that the defendant failed to comply with G.S. 15A-959. I disagree with the statement that *State v. Mathis*, 293 N.C. 660, 239 S.E. 2d 245 (1977); and *State v. Johnson*, 35 N.C. App. 729, 242 S.E. 2d 517, *disc. rev. denied, appeal dismissed*, 295 N.C. 263, 245 S.E. 2d 779 (1978), have conclusively settled the issue that the defendant can still offer evidence of insanity when he fails to give timely notice. In *Mathis*, Justice Lake wrote: "Thus, under the plea as entered, evidence of the defendant's insanity, *if otherwise competent*, would have been admissible. *We do not reach the point upon the present appeal as to whether, by virtue of lack of notice to the state of intent to rely upon insanity as a defense, the defendant could be properly precluded from offering evidence of insanity.*" (Emphasis added.) 293 N.C. at 673, 239 S.E. 2d at 253. In *Johnson*, this Court's opinion erroneously assumes that *Mathis* stands for the proposition that evidence of insanity *must always* be admitted. In *State v. Byrd*, 39 N.C. App. 659, 251 S.E. 2d 712 (1979), this Court implied that the issue was still undecided: "We do not reach or express an opinion on . . . whether defendant waived any right he might once have had to rely on the defense of insanity by failing to avail himself of the procedures provided by G.S. 15A-959." *Id.* at 661, 251 S.E. 2d at 714. I believe a defendant can waive his right to rely on the defense of insanity by failing to follow G.S. 15A-959. I believe the defendant in this case waived that right and that the trial court committed no error by sustaining the State's objections to defendant's questions about his mental condition.