STATE OF NORTH CAROLINA v. HENRY BERNARD SPIVEY, JR.

No. COA01-458

(Filed 7 May 2002)

**Constitutional Law— right to a speedy trial—delay caused by backlog of cases**

The trial court did not err by denying defendant's motion to dismiss the charge of second-degree murder for an alleged lack of a speedy trial based on a four and one-half year delay in taking defendant to trial, because: (1) the State made a showing that the dockets were clogged with murder cases and this fact caused an unavoidable backlog of cases; and (2) there is no indication that the court's resources were either negligently or purposefully underutilized.

Judge TIMMONS-GOODSON dissenting.

Appeal by defendant from order entered 26 April 1999 by Judge Jack A. Thompson in Superior Court, Robeson County. Heard in the Court of Appeals 13 February 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Robert C. Montgomery, for the State.*

*William L. Davis and Chad Hammonds, for the defendant-appellant.*

WYNN, Judge.

The record reveals defendant, Henry Bernard Spivey, Jr., on 3 May 1999, pled guilty to the charge of second-degree murder. He

seeks to appeal from the trial court's denial of his motion to dismiss for lack of a speedy trial based on a four and one-half year delay in taking him to trial. We grant certiorari to review his appeal. N.C. Gen. Stat. § 15A-1444(e) (1999).[1]

Upon review, we find *State v. Hammonds*, controlling. 141 N.C. App. 152, 541 S.E.2d 166 (2000), *affirmed*, 354 N.C. 353, 554 S.E.2d 645 (2001). In *Hammonds*, the defendant argued that the trial court erred by denying his motion to dismiss where there was a pre-trial delay of four and one half years. In *Hammonds*, this Court stated that:

> Defendant argues that the delay between his arrest and trial was caused in part by the State's "laggard performance." The record, however, reveals that the local docket was congested with capital cases. The trial court described it as "chopped the block [sic] with capital cases. They're trying two at a time and just one right after the other, and there are only so many that can be tried." "Our courts have consistently recognized congestion of criminal court dockets as a valid justification for delay." *State v. Hughes*, 54 N.C. App. 117, 119, 282 S.E.2d 504, 506 (1981) (citations omitted) (finding defendant failed to meet his burden where delay was result of backlog of cases). Indeed, "[b]oth crowded dockets and lack of judges or lawyers, and other factors, make some delays inevitable." *State v. Brown*, 282 N.C. 117, 124, 191 S.E.2d 659, 664 (1972) (citation omitted). Accordingly, in assessing defendant's speedy trial claim, we see no indication that court resources were either negligently or purposefully underutilized.

*State v. Hammonds*, 141 N.C. App. at 160-61, 541 S.E.2d at 173. This Court held in *Hammonds* that the delay of over four and one half years between defendant's arrest and trial did not constitute denial of his constitutional right to a speedy trial.

In the present case, defendant was arrested on 10 October 1994 and charged with first-degree murder; he pled guilty on 3 May 1999. Defendant argues the State was not diligent in bringing him to trial in

---

1. Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari. If an indigent defendant petitions the appellate division for a writ of certiorari, the presiding superior court judge may in his discretion order the preparation of the record and transcript of the proceedings at the expense of the State.

a speedy and prompt manner since his arrest. Like *Hammonds*, this case originated in Robeson County. The State in this case made a showing as it did in *Hammonds*, that the dockets were clogged with murder cases and this caused an unavoidable backlog of cases. We are bound by *Hammonds* holding of "no indication that court resources were either negligently or purposefully underutilized."

Affirmed.

Judge TYSON concurs.

Judge TIMMONS-GOODSON dissenting with separate opinion.

TIMMONS-GOODSON, Judge, dissenting.

The right to a speedy trial is a fundamental right guaranteed to an accused by the Sixth Amendment to the United States Constitution and the laws of this State. The right to a speedy trial protects the accused from " 'oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense will be impaired' by dimming memories and the loss of exculpatory evidence." *Doggett v. United States*, 505 U.S. 647, 654, 120 L. Ed. 2d 520, 529-30 (1992) (quoting *Barker v. Wingo*, 407 U.S. 514, 532, 33 L. Ed. 2d 101, 118 (1972)). The Sixth Amendment right to a speedy trial is a "slippery" right "generically different from any of the other rights enshrined in the Constitution for the protection of the accused," of which a violation results in the "unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived." *Barker*, 407 U.S. at 519-22, 33 L. Ed. 2d at 110-12. Because I believe that the trial court did abuse its discretion in denying defendant's motion to dismiss for lack of a speedy trial, I respectfully dissent from the majority opinion.

In *Barker*, the United States Supreme Court established a balancing test of four factors to be considered in determining whether a defendant was denied the constitutional right to a speedy trial. Those four factors include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant. *See Barker*, 407 U.S. at 533, 33 L. Ed. 2d at 117; *see also State v. Chaplin*, 122 N.C. App. 659, 662, 471 S.E.2d 653, 655 (1996). The burden is on the defendant to show that his "constitutional rights have been violated[,]" and that the unreasonable delay in his trial was caused by " 'neglect or wilful-

ness of the prosecution[.]' " *Chaplin*, 122 N.C. App. at 663, 471 S.E.2d at 655 (quoting *State v. McKoy*, 294 N.C. 134, 141, 240 S.E.2d 383, 388 (1978)).

In *Doggett*, the Supreme Court further clarified how the four factors are to be weighed and the burden each factor carries. The Court held that the threshold inquiry is whether the delay was long enough to trigger a "speedy trial analysis." *Doggett*, 505 U.S. at 651-52, 120 L. Ed. 2d at 528. Generally, a post-accusation delay approaching one year is "presumptively prejudicial." *Id.*

In the instant case, a period of approximately four and a half years elapsed between defendant's date of arrest and the date on which defendant was ultimately convicted. Defendant was arrested on 18 October 1994 and remained in the Robeson County jail without the benefit of bond until his trial on 3 May 1999. Under the first factor of *Barker*, "[t]his delay is not only unreasonable, but excessive and thus presumptively compromised the reliability and fairness of defendant's trial." *State v. Hammonds*, 141 N.C. App. 152, 176, 541 S.E.2d 166, 182-83 (2000) (Greene, J., dissenting), *affirmed*, 354 N.C. 353, 554 S.E.2d 645 (2001). As Judge Greene noted in his dissent, "although there is no showing the prosecutor intentionally delayed the trial for the purpose of obtaining an advantage over defendant, the record clearly shows [that] the prosecutor did not make a reasonable effort to avoid the excessive delay of defendant's trial and thus was negligent." *Id.* at 176-77, 541 S.E.2d at 183. The record in the present case clearly indicates that the criminal docket in Robeson County is overflowing and heavily congested. As stated in the dissent in *Hammonds*, there is no evidence in the record that the prosecutor made any reasonable effort to "avoid the excessive delay" of defendant's trial and was therefore negligent. This Court cannot continue to overlook such substantial delays because of congested dockets. Under our unified court system and the constitutional right to a speedy trial, the court's resources must not be viewed from the perspective of a single judicial district, but system-wide. A lack of personnel or court sessions in a single judicial district is not a sufficient reason to maintain a defendant who is presumed innocent, confined in jail for four and a half years awaiting his or her day in court.

In summary the defendant has been denied his right to a speedy trial and the trial court erred in refusing to grant defendant's motion to dismiss.