STATE OF NORTH CAROLINA v. WILLIAM JUNIOR SPENCE

No. 7714SC1046

(Filed 6 June 1978)

**Criminal Law § 75.14— confession —mentally retarded defendant —knowing and intelligent waiver of counsel —insufficient findings**

> The trial court's findings failed to support its conclusion that defendant knowingly and intelligently waived his right to counsel at his in-custody interrogation, and the court erred in admitting defendant's confession in evidence, where the findings were to the effect that defendant was a twenty-year-old mentally retarded male who possessed the general understanding of a child of six to eight years of age; defendant had difficulty understanding the explanations of his rights by the officers; defendant might not have been able to understand the consequences of his right to an attorney or his right to remain silent; and defendant had an extreme desire to please everyone and might have been inclined to state that he understood his rights even when he did not.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 3 August 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 24 April 1978.

Defendant was tried for murder in the second degree. He was found guilty of voluntary manslaughter. From a sentence of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William B. Ray, for the State.*

*Richard N. Watson, for the defendant.*

MARTIN, Judge.

The principal question presented by this appeal is whether the trial judge erred in denying the defendant's motion to suppress evidence of in-custody confession made by defendant to police officers.

It is well settled in this jurisdiction that after the trial judge has conducted a *voir dire* hearing, his findings of fact, if supported by competent evidence, are conclusive and binding on the appellate courts. Nevertheless, the conclusions of law drawn from the facts found are reviewable by the appellate division. *State v. Thompson*, 287 N.C. 303, 214 S.E. 2d 742 (1975).

In the instant case, defendant is a twenty-year-old, mentally retarded black male. From the testimony adduced at the *voir dire*, the court found, *inter alia*, that defendant has an I.Q. ranging from 48 to 63 and possesses the general understanding of a child of six (6) to eight (8) years of age. The investigator who initially attempted to obtain a statement from defendant concluded from talking with defendant that he was mentally retarded. Having read defendant his rights under *Miranda* three times, the investigator was still not sure defendant fully understood what was going on, even though defendant stated that he did. Later on, after several hours of interrogation in an interrogation room, defendant signed a written waiver of rights form. He subsequently admitted killing the deceased. Defendant was examined by two psychiatrists. Dr. Royal stated that he found it difficult to believe that defendant fully understood his various rights. In addition, he found that defendant had an extreme desire to please everyone and in particular, viewed himself as an ally of the police. Dr. Sikes was also of the opinion that defendant could not have understood his various rights at the time of the interrogation, including his right to remain silent or to be represented by an attorney; that defendant did not know what an attorney would have been able to accomplish for him at the time of questioning; and that defendant would have signed anything that was put before him.

Based on these findings, the court concluded that the actions of the police were not coercive and that defendant's statement was freely, voluntarily and understandingly made. We are constrained to find error in this conclusion.

It is now fundamental criminal jurisprudence that when the State seeks to offer in evidence a defendant's in-custody statement, made in response to police interrogation and in the absence of counsel, the State must affirmatively show not only that defendant was fully informed of his rights, but also that he *knowingly* and *intelligently* waived his right to counsel. *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966); *State v. White*, 288 N.C. 44, 215 S.E. 2d 557 (1975). To assure the effectiveness of these procedural safeguards, the Court in *Miranda* set high standards of proof for the waiver of the constitutional rights at issue. Thus, along with its burden of showing that defendant has been adequately and effectively apprised of his rights, the State carries a heavy burden of demonstrating that defendant

knowingly and intelligently waived these rights. While the fact that a defendant is youthful and mentally retarded does not compel a determination that he did not knowingly and intelligently waive his *Miranda* rights, *State v. Thompson, supra,* it does call into question his *mental capacity* to do so. In such cases, the record must be carefully scrutinized, with particular attention to both the characteristics of the accused and the details of the interrogation. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 36 L.Ed. 2d 854, 93 S.Ct. 2041 (1973).

Guided by the above stated principles, we find that the State's evidence, and the findings drawn therefrom, fail to demonstrate that defendant knowingly and intelligently waived his right to the presence of counsel. These findings tend to indicate, if anything, that defendant might not have been able to understand the consequences of his right to a lawyer or his right to remain silent; that he might have been inclined to state that he understood even when he did not; and that, from the police officers' own admissions, defendant had difficulty understanding even their explanations of his rights. The import of these findings cannot be ignored. Accordingly, we are of the opinion that the trial court erred in admitting the defendant's confession into evidence.

For the court's error in admitting the defendant's confession, the judgment is vacated and defendant is entitled to a new trial.

New trial.

Judges MORRIS and ARNOLD concur.