STATE OF NORTH CAROLINA v. LEON BROWN

No. 9213SC1196

(Filed 2 November 1993)

**1. Evidence and Witnesses § 1299 (NCI4th) — confession of mentally retarded defendant — waiver of Miranda rights — sufficiency of findings**

The trial court's findings supported its conclusion that the fifteen-year-old mentally retarded defendant knowingly and intelligently waived his juvenile and *Miranda* rights prior to custodial interrogation where the court found: defendant suffers from mild mental retardation; as an S.B.I. agent read defendant his rights from a waiver of rights form, defendant indicated that he understood each of those rights by writing "Yes" or "Yes sir" beside each rights paragraph on the form; defendant never indicated that he did not understand any of his rights and gave reasonable and logical answers to a detective's questions; although defendant had difficulty understanding abstractions, he could understand information on a concrete level; and defendant had previously been involved in court proceedings and had a general understanding of the role of lawyers and police in a criminal justice system.

**Am Jur 2d, Evidence §§ 573, 575.**

**2. Rape and Allied Offenses § 195 (NCI4th) — first-degree rape — instruction on attempted rape not required**

The trial court in a first-degree rape prosecution did not err by refusing to instruct the jury on the lesser included offense of attempted rape where defendant's confession was the only evidence introduced at trial establishing his participation in the gang rape of the eleven-year-old victim, and defendant's statement clearly indicated penetration. A statement by another participant in the crime that defendant "wasn't doing it right" was insufficient to raise a reasonable doubt as to whether defendant actually penetrated the victim so as to require an instruction on attempted rape.

**Am Jur 2d, Rape § 110.**

Judge GREENE dissenting.

## STATE v. BROWN

[112 N.C. App. 390 (1993)]

Appeal by defendant from judgment entered 10 June 1992 by Judge E. Lynn Johnson in Bladen County Superior Court. Heard in the Court of Appeals 15 September 1993.

This case was previously tried and reversed on appeal. *State v. McCollum and Brown*, 321 N.C. 557, 364 S.E.2d 112 (1988). Defendant was convicted of first degree murder and first degree rape of an eleven-year old victim. Defendant was 15 years old at the time of the offense. The State's evidence tended to show that on Saturday night, 25 September 1983, defendant met his brother Buddy McCollum, and two of his friends in front of his house. They told defendant that they were going to rape the victim, and then kill her after they raped her. Defendant went along, and the four boys waited for the victim as she walked home from a neighborhood convenience store. They met her on the highway and took her into some nearby woods. There, each of them took turns raping the victim. After they finished, the other three boys discussed who was going to help kill her. Defendant refused to participate. The other three boys beat and kicked the victim. They then brutally took a stick and shoved her panties down her throat asphyxiating her.

The North Carolina Supreme Court reversed defendant's convictions and remanded for a new trial. On remand, defendant was convicted of first degree rape, G.S. 14-21.2, and sentenced to life imprisonment. In this appeal, defendant asserts as error the denial of his motion to suppress his confession, and the trial court's refusal to instruct the jury on the lesser included offense of attempted rape.

At the suppression hearing, the trial court entered the following order:

### FINDINGS OF FACT

(1) That Special Agent Leroy Allen of the North Carolina State Bureau of Investigation was directed by his superior on Monday, September 26, 1983, to assist in the investigation of a homicide occurring in Red Springs, North Carolina.

(2) That on September 29, 1983, Special Agent Allen was instructed by his supervisor, Frank Johnson, to advise the defendant, Leon Brown, of his rights; that Special Agent Allen had had no prior contact with the defendant.

(3) That Special Agent Allen entered a room at the Red Springs Police Department with Chief Haggins and Special Agent Ken Sneed; that the defendant was seated near a desk with his head hanging low; that Special Agent Allen introduced himself and advised the defendant that he was not under arrest; that the defendant was not frightened or upset and was not under the influence of alcohol nor drugs; that the defendant was quiet and did not ask for anyone; that the defendant in response to questions by Special Agent Allen furnished his name, age, sex, race, date of birth, parent, and number of years of school, all of which are reflected on State's Exhibit No. 1 for voir dire, a copy of which is attached to this order and incorporated herein by reference.

(4) That in respect to rights designated as Nos. 1, 2, 4, 5, 6, 8, and 9, the defendant responded, "Yes," in each separate case that he understood such rights; that in respect to rights designated No. 3 and No. 7, the defendant responded, "Yes, sir," indicating that he understood those rights, those rights being reflected on State's Exhibit No. 1 for voir dire; that the defendant acknowledged the understanding of the rights by printing his name in the space provided; that the defendant did not assert at any time that he did not understand any of the enumerated rights; that the defendant had no difficulty in providing the information reflected. at the top of State's Exhibit No. 1 for voir dire; that the defendant has been previously involved in court proceedings prior to September, 1983, as a result of a previous charge for breaking and entering and larceny and was thus familiar with court proceedings by way of experience.

(5) That the defendant, Leon Brown, after being advised of the rights reflected on State's Exhibit No. 1 for voir dire, gave a statement to Detective Garth Locklear; that the defendant appeared to be nervous, but was sober; that the defendant did not ask for a parent or lawyer, although the defendant's mother was at the Red Springs Police Department during the interview process of Henry Lee McCollum and the defendant in the police department; that the defendant gave a lengthy and detailed statement concerning his participation with others in the alleged rape of [the victim] that the defendant gave reasonable and logical responses to the questions asked by Detective Locklear; that the defendant made corrections to

the statement when read very slowly by Detective Locklear back to the defendant to acknowledge that he had limitations on his ability to read and write; that the defendant also reflected his movement and the movement of the others on a map drawn by Detective Locklear; that Detective Locklear was not aware of the details of a statement given by Henry Lee McCollum; that the defendant also made oral statements to Detective Locklear reflecting detailed participation in the alleged rape; that a copy of State's Exhibit No. 2 for voir dire and State's Exhibit No. 3 for voir dire are attached hereto and incorporated herein by reference.

(6) That the defendant has an I.Q. variously tested between 49 and 65, but has been generally classified as suffering from mild mental retardation; that the defendant's chronological age at the time of the interview was 15.

(7) That State's Exhibit No. 2 for voir dire consists of six handwritten pages and one supplemental page.

(8) That the defendant's maturity scale was measured at 12.6, giving the defendant a higher result than the intellectual assessment; that although the defendant has difficulty understanding abstractions, he is capable of understanding information on a concrete level; that the defendant has a general understanding of the role of lawyers and police in the criminal justice system.

CONCLUSIONS OF LAW

Based upon the foregoing findings of fact, the Court enters the following conclusions of law:

(1) That the defendant knowingly, intelligently, and voluntarily waived each of the rights reflected on State's Exhibit No. 1 for voir dire and the waiver reflected thereon.

(2) That none of the defendant's rights under the North Carolina Constitution, U.S. Constitution, nor the North Carolina General Statutes have been violated.

(3) That the statement make by the defendant was not the product of any coercion, pressure, or intimidation.

(4) That the defendant's statement was voluntary in all respects.

ORDER

Based upon the foregoing findings of fact and conclusions of law, the Court enters the following order:

(1) That the defendant's motion to suppress dated March 22, 1992, be and is hereby denied.

*Attorney General Michael F. Easley, by Special Deputy Attorney General William N. Farrell, Jr., for the State.*

*Beskind, Rudolf and Maher, P.A., by Thomas K. Maher, for defendant-appellant.*

EAGLES, Judge.

Defendant brings forward three assignments of error. We find no error and affirm.

[1] Defendant first contends that the trial court erred in finding that defendant knowingly, intelligently, and voluntarily waived his Miranda rights before making his confession at the police station. Prior to making his confession, defendant signed a "Juvenile Rights Warning" waiver form, which the trial court referred to in its order as "State's Exhibit No. 1 for voir dire." The following rights are listed on the form:

1. YOU HAVE THE RIGHT TO REMAIN SILENT.

2. ANYTHING YOU SAY CAN BE AND MAY BE USED AGAINST YOU.

3. YOU HAVE THE RIGHT TO HAVE A PARENT, GUARDIAN OR CUSTODIAN PRESENT DURING QUESTIONING.

4. YOU HAVE A RIGHT TO TALK WITH A LAWYER FOR ADVICE BEFORE QUESTIONING AND TO HAVE THAT LAWYER WITH YOU DURING QUESTIONING. IF YOU DO NOT HAVE A LAWYER AND WANT ONE, A LAWYER WILL BE APPOINTED FOR YOU.

5. IF YOU CONSENT TO ANSWER QUESTIONS NOW, WITHOUT A LAWYER, PARENT, OR GUARDIAN PRESENT, YOU STILL WILL HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME.

STATE v. BROWN

[112 N.C. App. 390 (1993)]

6. DO YOU UNDERSTAND EACH OF THESE RIGHTS I HAVE EXPLAINED TO YOU?

7. HAVING THESE RIGHTS IN MIND, DO YOU NOW WISH TO ANSWER QUESTIONS?

8. DO YOU NOW WISH TO ANSWER QUESTIONS WITHOUT A LAWYER PRESENT?

9. (FOR JUVENILES AGE 14 TO 16) DO YOU NOW WISH TO ANSWER QUESTIONS WITHOUT YOUR PARENTS, GUARDIANS, OR CUSTODIANS PRESENT?

The trial court found that defendant indicated that he understood each of his rights by writing "Yes" beside Nos. 1, 2, 4, 5, 6, 8, and 9, and "Yes sir" beside Nos. 3 and 7. The trial court also found that defendant acknowledged that he understood his rights by signing his name in the space provided at the bottom of the form.

Defendant does not dispute the trial court's findings of fact. Instead, defendant argues that those findings do not support the trial court's conclusion that defendant knowingly and intelligently waived his Miranda rights. Defendant contends that he suffers from mental retardation and that he did not fully understand his rights as they were read to him because the language in the waiver form was too complex for him to understand. Specifically, defendant refers to the language in rights No. 4 and 5:

4. YOU HAVE THE RIGHT TO TALK WITH A LAWYER FOR ADVICE BEFORE QUESTIONING AND TO HAVE A LAWYER WITH YOU DURING QUESTIONING. IF YOU DO NOT HAVE A LAWYER AND WANT ONE, A LAWYER WILL BE APPOINTED FOR YOU.

5. IF YOU CONSENT TO ANSWER QUESTIONS NOW, WITHOUT A LAWYER, PARENT, OR GUARDIAN PRESENT, YOU STILL WILL HAVE THE RIGHT TO STOP ANSWERING AT ANY TIME.

Defendant contends that he did not fully understand that he had the right to stop answering questions at any time, and that he could ask for a lawyer at any time during questioning. Defendant argues that since these rights were never explained to him in a way that he could understand them, his waiver was neither "knowing" nor "intelligent." Accordingly, defendant contends that his waiver was invalid. We disagree.

A defendant may waive his Miranda rights, but the State bears the burden of proving that the defendant made a knowing and intelligent waiver. *State v. Simpson*, 314 N.C. 359, 334 S.E.2d 53 (1985); *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L.Ed.2d 694, 707, *reh'g denied*, 385 U.S. 890, 17 L.Ed.2d 121 (1966). Whether a waiver is knowingly and intelligently made depends on the specific facts of each case, including the defendant's background, experience, and conduct. *Id.* at 367, 334 S.E.2d at 59; *Edwards v. Arizona*, 451 U.S. 477, 68 L.Ed.2d 378, *reh'g denied*, 452 U.S. 973, 69 L.Ed.2d 984 (1981). Although the trial court found that defendant was mildly retarded, "a subnormal mental condition standing alone will not render an otherwise voluntary confession inadmissible." *State v. Massey*, 316 N.C. 558, 575, 342 S.E.2d 811, 821 (1986) (quoting from *State v. Stokes*, 308 N.C. 634, 647, 304 S.E.2d 184, 192 (1983)). We look at the totality of the circumstances, and in the case of mentally retarded defendants, we pay particular attention to the defendant's personal characteristics and the details of the interrogation. *State v. Fincher*, 309 N.C. 1, 19, 305 S.E.2d 685, 697 (1983); *State v. Spence*, 36 N.C. App. 627, 629, 244 S.E.2d 442, 443, *disc. rev. denied*, 295 N.C. 56, 248 S.E.2d 734 (1978).

We note at the outset that the trial court's findings of fact are conclusive on appeal when they are supported by competent evidence in the record. *State v. Massey*, 316 N.C. 558, 575, 342 S.E.2d 811, 820 (1986). However, since defendant does not dispute the trial court's findings of fact, our task is to determine whether the trial court's legal conclusions are supported by its findings.

The trial court found that as Special Agent Allen read defendant his rights from the waiver form, defendant indicated that he understood each of those rights by writing "Yes" or "Yes sir" beside each rights paragraph on the form. Defendant never indicated to Special Agent Allen that he did not understand any of his rights, and he gave reasonable and logical answers to Detective Locklear's questions. The trial court found that although defendant had difficulty understanding abstractions, he could understand information on a concrete level. The trial court also found that defendant had previously been involved in court proceedings and that he had a general understanding of the role of lawyers and police in the criminal justice system. Prior experience with the criminal justice system is an important factor in determining whether the defendant made a knowing and intelligent waiver.

*State v. Fincher*, 309 N.C. 1, 305 S.E.2d 665 (1983); *see also State v. Jackson*, 308 N.C. 549, 304 S.E.2d 134 (1983).

In *State v. Fincher*, 309 N.C. 1, 305 S.E.2d 665 (1983), the North Carolina Supreme Court held that the confession of a mentally retarded defendant was admissible despite expert testimony that he could not read and understand the waiver form. The court held that the trial court's findings of fact were sufficient to support its conclusion that the defendant made a valid waiver. In *Fincher*, the trial court found that each time the defendant was read his rights, "he unhesitatingly responded that he understood them." *Id.* at 20, 305 S.E.2d at 697. The *Fincher* court also found that the defendant's answers to the officer's questions were responsive and reasonable, and that no threats or inducements were made to the defendant. The *Fincher* trial court also found that the defendant had prior experience with the criminal justice system. Accordingly, we hold that under *Fincher*, the trial court's findings of fact adequately support its conclusion that defendant voluntarily, knowingly, and intelligently waived his Miranda rights.

[2] Defendant's third assignment of error is that the trial court erred in refusing to instruct the jury on the lesser included offense of attempted rape. A judge must instruct the jury upon a lesser included offense when there is evidence to support it. *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). However, "when the State's evidence is clear and positive with respect to each element of the offense charged, and there is no evidence showing the commission of a lesser included offense," the trial judge may refuse to instruct the jury upon that offense. *State v. Hardy*, 299 N.C. 445, 456, 263 S.E.2d 711, 718-19 (1980). Here, defendant was not entitled to an instruction on attempted rape. Instructions on the lesser included offenses of first degree rape are only required when there is some doubt or conflict concerning the element of penetration. *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981). Defendant's confession was the only evidence introduced at trial establishing his participation in the gang rape of the eleven-year old victim. The relevant portions of defendant's confession state:

> [Defendant] said, I then got on top of [the victim] while Darrell was holding her arms. . . .

> That's when Darrell said, "Do it right, man. You ain't trying to do it. Do it like everybody else, man."

[Defendant] said, That's when I began f[ ] her . . .

[Defendant] said, When I got off of her, Darrell said, "Get back on her and do it again. You ain't doing it right."

Defendant contends that his friend's statements that he "wasn't doing it right," raised a reasonable doubt as to whether he actually penetrated the victim. There is no indication in defendant's confession that he did not penetrate the victim. Any penetration, no matter how slight, of the female sex organ by the male sex organ is sufficient to prove the element of penetration. *State v. Brown*, 312 N.C. 237, 244, 321 S.E.2d 856, 861 (1984). Defendant's statement clearly indicates penetration. Nothing else appearing, another participant's opinion questioning whether defendant "was doing it right" is irrelevant. Accordingly, the trial court correctly refused to instruct the jury on attempted rape.

No error.

Judge ORR concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I agree with the majority that the trial court did not err in refusing to instruct the jury on the lesser included offense of attempted rape. I disagree, however, that the trial court's findings of fact are sufficient to support the conclusion that defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights.

The State is "prohibited from using any statements resulting from a custodial interrogation of a defendant unless, prior to questioning, the defendant had been advised of his . . . [*Miranda* rights]." *State v. Simpson*, 314 N.C. 359, 367, 334 S.E.2d 53, 58-59 (1985). The defendant may "waive effectuation of these rights by a voluntary, knowing, and intelligent waiver." *Id.* at 367, 334 S.E.2d at 59. To be knowing and intelligent, the "waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421, 89 L. Ed. 2d 410, 421 (1986).

If the defendant is a person of "less than normal intelligence [and] does not have the capacity to understand the meaning and

effect of his confession, and such lack of capacity is shown by evidence at the suppression hearing, it is error for the trial judge not to suppress the confession." *State v. Parsons*, 381 S.E.2d 246, 249 (W.Va. 1989); *see* 1 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 6.9, at 526 (1984) ("unlikely" that waiver by "seriously mentally retarded" defendant will be found valid). If, however,

> the defendant's lower than normal intelligence is not shown clearly to be such as would impair his capacity to understand the meaning and effect of his confession, said lower than normal intelligence is but one factor to be considered by the trial judge in weighing the totality of the circumstances surrounding the challenged confession.

*Parsons*, 381 S.E.2d at 249; *see State v. Fincher*, 309 N.C. 1, 8, 305 S.E.2d 685, 690 (1983) ("subnormal mental capacity is a factor to be considered"); 1 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 6.9, at 526 (1984) ("low IQ can contribute to a finding of an ineffective waiver").

In this case the trial court found that defendant had an "I.Q. . . . between 49 and 65." The court also found that defendant responded to each *Miranda* warning by stating either "Yes" or "Yes, sir." The trial court made no finding that this mentally retarded fifteen-year-old defendant had the capacity to understand the *Miranda* warnings, only that defendant answered affirmatively that he "understood such rights." This express written waiver executed by the defendant "is not inevitably sufficient to establish a valid waiver." *Simpson*, 314 N.C. at 367, 334 S.E.2d at 59. The ultimate question remains whether defendant did "in fact" knowingly waive his *Miranda* rights. *North Carolina v. Butler*, 441 U.S. 369, 373, 60 L. Ed. 2d 286, 292 (1979); *Cooper v. Griffin*, 455 F.2d 1142, 1146 (5th Cir. 1972) (fact that "waiver obtained does not bar the courts from scrutinizing the circumstances of the confession"). Because there is no finding in this record that defendant did in fact knowingly and intelligently waive his *Miranda* rights, the motion to suppress should have been allowed. This is consistent with *Fincher*, relied on by the majority, in that in *Fincher* the trial court specifically found as a fact in concluding that defendant knowingly waived his rights, that the defendant did in fact "understand" his rights. I therefore would award the defendant a new trial.